UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STEPHENSON,

    Plaintiff,

v.

UNIVERSITY OF MICHIGAN et al.,

    Defendants.
_____/

Case No. 23-cv-11876

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING DEFENDANTS' CORRECTED PARTIAL MOTION TO DISMISS (Dkt. 10)**

Plaintiff Robert Stephenson brings this action against Defendants University of Michigan, University of Michigan Board of Regents, the Dean of the University of Michigan's School of Nursing Patricia Hurn, and the Assistant Dean of Research and Scholarship for the School of Nursing Robert Ploutz-Snyder. See Compl. (Dkt. 1). Stephenson alleges that Defendants violated his rights by subjecting him to discriminatory and retaliatory treatment related to an investigation into Stephenson's alleged violation of the University's policy on sexual and gender-based misconduct. See id. Stephenson asserts claims under 42 U.S.C § 1983 for violations of his rights under the Due Process and Equal Protection Clauses of the Constitution; 20 U.S.C. § 1681 et. seq. (Title IX); and Michigan's Elliott-Larson Civil Rights Act (ELCRA), Mich. Comp. L. § 37.2201 et seq. Before the Court is Defendants' corrected motion for partial dismissal of Stephenson's complaint (Dkt. 10). For the reasons that follow, the Court grants Defendants' motion.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Stephenson's response (Dkt. 13) and Defendants' reply (Dkt. 14).

1

## I. BACKGROUND

Stephenson, who is gay, is a professor at the University of Michigan's School of Nursing. Compl. ¶ 4. In 2022, the University's Equity, Civil Rights, and Title IX (ECRT) office notified Stephenson that he was under investigation for violating the University's policy on sexual and gender-based misconduct (SGBM) after two students complained that Stephenson had sexually harassed them. Id. ¶¶ 66–67. According to Stephenson, following the completion of the investigation against him and a hearing, a written decision issued by the University's hearing officer determined that Stephenson had not violated the SGBM policy with respect to either complainant. Id. ¶ 73.

Despite the hearing officer's findings, Stephenson alleges that he was subjected to discriminatory and retaliatory conduct during and after the investigation. Specifically, Stephenson alleges that during the investigation, he was removed from his positions as director of the Center for Sexuality and Health Disparities (CSHD) and chair of the Department of Systems, Populations and Leadership. Id. ¶ 75. Stephenson further alleges that, during that time, Hurn threatened to "ruin his career and reputation," id. ¶ 76, and that Ploutz-Snyder attempted to have him removed as a researcher on his National Institute of Health grants, id. ¶¶ 90–91.

Stephenson alleges that, in the April 2023, he contacted the ECRT office regarding what he describes as Hurn's discriminatory and retaliatory actions against him. Id. ¶ 86. The next month, Hurn informed him that the hearing officer's decisions were reversed and remanded back to the ECRT office for further investigation. Id. ¶ 103. Stephenson was then placed on administrative leave during the pendency of this appeal, an action that he alleges was retaliation for reporting Hurn to the ECRT. Id. ¶ 105. He further submits that Defendants' treatment of him

2

during and after the investigation amounts to intentional discrimination based on his sexual orientation. Id. ¶¶ 134–145.

On these allegations, Stephenson brings claims against all Defendants under 42 U.S.C. § 1983 stemming from violations of his due process and equal protection rights under the Fourteenth Amendment, see id. ¶¶ 114–133, and claims against the University and the Board of Regents under Title IX and the ELCRA, see id. ¶¶ 134–176.

## II. ANALYSIS

The Court proceeds by first addressing Defendants' motion for partial dismissal and next addressing Stephenson's alternative request for leave to file an amended complaint.

### A. Eleventh Amendment Immunity

Defendants move under Federal Rule of Civil Procedure 12(b)(1) for dismissal of Stephenson's ELCRA claim for lack of subject-matter jurisdiction on the ground that the University and the Board of Regents are immune from state-law claims under the Eleventh Amendment. See Br. Supp. Mot. at 3.[2]

"The Eleventh Amendment prohibits suits against states unless they consent to be sued or Congress, pursuant to a valid exercise of its power, unequivocally expresses its intent to abrogate sovereign immunity." Ashford v. Univ. of Mich., 89 F.4th 960, 969 (6th Cir. 2024). The Sixth Circuit has recognized that the University and the Board of Regents are state agencies and therefore

---

[2] A court may dismiss a claim pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Moir v. Greater Cleveland Reg'l Transp. Auth., 895 F.2d 266, 269 (6th Cir. 1990). When the defendant challenges subject-matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003).

entitled to claim sovereign immunity. Id.; Est. of Ritter by Ritter v. Univ. of Mich., 851 F.2d 846, 850–851 (6th Cir. 1988).

Stephenson concedes that the University and the Board of Regents are generally entitled to immunity under the Eleventh Amendment. Resp. at 4. However, he argues that "[t]here is no dispute that the State of Michigan waived its governmental immunity with regard to ELCRA claims." Id. at 6. In support of this position, Stephenson cites two cases from this district which he argues stand for the proposition that Michigan has waived its Eleventh Amendment immunity to ELCRA claims. See Resp. at 4 (citing Beny v. Univ. of Mich. Bd. of Regents, No. 22-cv-12021, 2023 WL 4409107, at *1 (E.D. Mich. July 7, 2023); Williams v. Univ. of Mich., No. 22-cv-10296, 2022 WL 16796741, at *7 (E.D. Mich. Nov. 8, 2022)). He advocates that this Court should adopt the perspective of "countless other cases that have allowed ELCRA claims to proceed in federal court based on supplemental jurisdiction." Resp. at 6 (citing Hawthorne-Burdine v. Oakland Univ., 158 F. Supp. 3d 586, 606 (E.D. Mich. 2016) and Doss v. Mich. Dep't of Corr., No. 20-10266, 2021 WL 2845315, at *3 (E.D. Mich. July 8, 2021)).

Stephenson's position is based on a misreading of case law. With respect to his argument that Defendants have waived their Eleventh Amendment immunity, neither Williams nor Beny stands for the proposition that the State of Michigan waived its sovereign immunity regarding ELCRA claims. Stephenson quotes Williams as stating, "the Michigan Legislature expressly consented to suit under the ELCRA." Resp. at 4 (citing Williams, 2022 WL 16796741, at *7). But this language was not in the context of discussing immunity under the Eleventh Amendment. Rather, the court was explaining that the Michigan Legislature had consented to suit in state court as part of a larger discussion of determining whether the plaintiff's ELCRA claims were subject to dismissal based on the plaintiff's failure to comply with the notice requirements of Michigan's

4

Court of Claims Act, Mich. Comp. L. § 600.6431(1).  See Williams, 2022 WL 16796741, at *6–*7.  Indeed, the defendants in Williams "did not raise an Eleventh Amendment immunity defense to [the plaintiff's] ELCRA claim," so whether Michigan waived its Eleventh Amendment immunity was not even an issue before the court.  Id. at *8.

Similarly, Stephenson cites Beny as stating that the "Michigan state legislature has abrogated the State's governmental immunity for claims brought under [the] ELCRA."  Resp. at 6 (quoting Beny, 2023 WL 4409107, at *6) (punctuation modified).  Again, Stephenson is quoting language out of context.  The Beny court explicitly rejected the plaintiff's argument that Michigan has waived its Eleventh Amendment immunity and dismissed the plaintiff's ELCRA claims based on such immunity:

> [A]lthough the Michigan state legislature has abrogated the State's governmental immunity for claims brought under both statutes, ELCRA and PWDCRA claims may be brought against Michigan only in state court. Because a suit under either statute is designed to bring the State into compliance with state law, Michigan's constitutional immunity from suit prohibits all state-law claims filed against it in federal court, whether those claims are monetary or injunctive in nature. The defendant Board of Regents enjoys sovereign immunity from the plaintiff's ELCRA and PWDCRA claims.

Beny, 2023 WL 4409107, at *6 (punctuation modified).  Williams and Beny provide no support for Stephenson's position.

Stephenson fares no better in his reliance on Hawthorne-Burdine and Doss—cases that simply discuss supplemental jurisdiction in the context of ELCRA claims.  In Hawthorne-Burdine, the court declined to exercise supplemental jurisdiction over the plaintiff's ELCRA claims because the Court had already dismissed all claims over which it had jurisdiction.  Hawthorne-Burdine, 158 F. Supp. 3d at 606.  And in Doss, the court declined to remand the case to state court following the plaintiff's voluntary dismissal of his federal claims.  Doss, 2021 WL 2845315, at *3.  The court had no occasion to confront Eleventh Amendment immunity.  Stephenson's appeals to Hawthorne-

5

Burdine and Doss fail to support the proposition that this Court has the power to exercise supplemental jurisdiction over claims regarding which Defendants are immune under the Eleventh Amendment.

Contrary to Stephenson's assertions, the law is clear: "The State of Michigan has not consented to being sued in civil rights actions in the federal courts, . . . the ELCRA did not waive Michigan's Eleventh Amendment immunity from suit in federal court." Harrison v. Mich. Dep't of Health & Hum. Servs., No. 22-cv-12034, 2023 WL 4237580, at *6 (E.D. Mich. June 28, 2023) (punctuation modified). Stephenson's ELCRA claims must be dismissed.

### B. Request for Leave to File Amended Complaint

As alternative relief, Stephenson's response "requests leave to amend his Complaint to bring his ELCRA claims for money damages against the individual defendants in their personal capacities." Resp. at 7. Stephenson's response is not a proper motion and will not be treated as such. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). To the extent Stephenson seeks leave to file an amended complaint, he must proceed by filing a proper motion.

### III. CONCLUSION

For the reasons explained above, the Court grants Defendants' corrected partial motion to dismiss (Dkt. 10).

SO ORDERED.

Dated: May 24, 2024                        s/Mark A. Goldsmith
    Detroit, Michigan                   MARK A. GOLDSMITH
                                      United States District Judge